**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KARCO, INC.,

Plaintiff,

v.

LISLE SMOKE N LIQUOR INC.

Serve: Hemal Patel
953 N. Plum Grove Rd., Suite B
Schaumburg, IL 60173,

and

HEMAL PATEL,
Serve at: 2148 Adobe Drive
Addison, IL 60101

Defendants.

Case No. 3:17-cv-83

JURY TRIAL DEMANDED

**VERIFIED COMPLAINT**

COMES NOW Plaintiff KARCO, Inc. ("Plaintiff"), by and through its undersigned attorneys, and for its Complaint against Lisle Smoke N Liquor Inc. ("Defendant Lisle") and Hemal Patel ("Defendant Patel") (collectively, "Defendants"), respectfully alleges as follows:

**NATURE OF ACTION**

1. This is an action for: (i) service mark infringement in violation of 15 U.S.C. § 1114(1); (ii) false designation of origin in violation of 15 U.S.C. § 1125(a); (iii) service mark and trade name infringement and unfair competition in violation of Illinois common law; and (iv) violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Delaware, authorized to conduct business in the state of Illinois, and with its principal place of business located in Mount Vernon, Illinois. As alleged below, Plaintiff is the owner of the federally registered mark ROLL N UP® and the trade name "Roll N Up."

3. Upon information and belief, Defendant Patel is an individual residing in the State of Illinois.

4. Upon information and belief, Defendant Lisle is an Illinois corporation with its principal place of business in Schaumburg, Illinois.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, because this action arises in part under 15 U.S.C. §§ 1114 and 1125.

6. Additionally, this Court has jurisdiction over Plaintiff's common law service mark infringement and unfair competition claims under 28 U.S.C. § 1338(b) because these claims are joined with, and substantially related to, Plaintiff's federal service mark claims.

7. This Court also has supplemental jurisdiction over all of state law claims under 28 U.S.C. § 1367(a) because these claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. The Court has personal jurisdiction over Defendant Patel because he resides in Illinois, has transacted business and sold services with Plaintiff's federally-registered service mark within Illinois and has committed tortious acts in Illinois which have caused and continue to cause damages to Plaintiff in this District.

9. This Court has personal jurisdiction over Defendant Lisle because Defendant Lisle resides in Illinois, has transacted business and sold services with Plaintiff's federally-registered service mark within Illinois and has committed tortious acts in Illinois which have caused and continue to cause damages to Plaintiff in this District.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Plaintiff owns and/or operates retail establishments in this District, and Defendants' infringing conduct and the harmful effects thereof that are the subject of this Complaint are substantially occurring in this District.

## GENERAL ALLEGATIONS

### A. The ROLL N UP® Service Mark and Brand

11. This action arises from Defendants' operating an identical business as Plaintiff, at least one convenience and liquor store, under service mark and trade name, ROLL N UP Smoke & Liquor (the "Infringing Designation"), which is nearly identical to Plaintiff's trade name and federally-registered service mark for ROLL N UP®, which Plaintiff adopted more than four years ago.

12. The founder of Plaintiff, Ronald Kruep opened his first convenience store in Southern Illinois in 1977. Ultimately, Mr. Kruep opened more stores and ran his stores under the trade name and service mark ROLL N UP® (hereinafter the "Roll N Up® Mark").

13. Plaintiff subsequently registered its service mark at the United States Patent and Trademark Office, Reg. No. 85777484, for ROLL N UP® (registered July 2, 2013) (the "Roll N Up® Registration"):




The Roll N Up ® Registration is attached hereto as **Exhibit 1**.

14. Plaintiff uses the Roll N Up® Mark and the Roll N Up® Registration in connection with its twelve (12) convenience stores located in and throughout Southern and Central Illinois (the "Authorized Stores").

15. Plaintiff uses the following common law design mark and similar design marks on signage displayed at the Authorized Stores (the "Common Law Marks"):




16. The term "Roll N Up," as used by Plaintiff to promote its services and the Authorized Stores is arbitrary and fanciful and thus inherently distinctive.

17. Since 2012, Plaintiff has developed and promoted its convenience store businesses under the Roll N Up® Mark.

18. Since 2012, Plaintiff has continuously and extensively promoted the Authorized Stores under the Roll N Up ® Mark.

19. In addition to its twelve Authorized Stores, Plaintiff also uses the Roll N Up® Mark in connection with a website it runs to promote its Authorized Stores and to sell related goods and merchandise (the "Roll N Up Website").

20. Over time, the Authorized Stores, all promoted under the Roll N Up® Mark, have developed a reputation for high quality services and goods.

21. Because of the success of the Authorized Stores and the Roll N Up Website, the Roll N Up® Mark has gained recognition across the state of Illinois.

22. By virtue of the goodwill and reputation for quality associated with the Roll N Up® Mark and the extensive convenience store sales and marketing under the Roll N Up ® Mark, the Roll N Up ® Mark has developed significance in the minds of the purchasing public.

23. Due to the high quality of its services, its substantial advertising, promotional and sales efforts and the recognition of the Roll N Up® Mark, Plaintiff has achieved wide consumer acceptance for convenience store services and goods and the reputation of the highest quality and prestige.

24. By virtue of Plaintiff's extensive use of the Roll N Up® Mark and the Roll N Up trade name, those marks and trade name have become so well known to the trade and purchasing public that convenience store services offered in conjunction with those marks and trade name and the business operated under those marks and trade name are recognized as emanating from, or being associated with a single source.

**B. Defendants' Infringing Mark**

25. Defendants are operating a convenience, liquor and tobacco store in Lisle, Illinois ("Defendants' Store"), under the name Roll 'n' Up Smoke & Liquor (the "Infringing Mark").

26. In connection with Defendants' Store, Defendants use signage substantially similar to the Roll N Up® Mark, in addition to the Roll N Up Trade Name in its entirety and without alteration:




27. The signage and design used by Defendants on Defendants' Store's signage and exterior is copied from the Common Law Marks, the Roll N Up® Mark and the Authorized Store's promotional materials.

28. Defendants have held Defendants out to the public as being associated with Plaintiff.

29. Defendants' Store is listed on numerous electronic directories and social media sites on the Internet under the Infringing Mark.

30. Moreover, Defendants have expanded Defendants' use of the Infringing Mark by establishing a Facebook page and registering the domain name https://www.facebook.com/rollinupsmoke/ (the "Infringing Domain Name") for use in connection with promoting Defendants' Store under the Infringing Mark.

31. Also upon discovering Defendants' misappropriation of the Common Law Marks, the Roll N Up® Mark and the Roll N Up Trade Name, Plaintiff expressly advised Defendants they could not hold themselves out as being associated with Plaintiff and that their use of the Infringing Mark was unauthorized and unlawful. Plaintiff first advised Defendants of Plaintiff's

service mark rights orally and again via letter dated November 22, 2016, a copy of which is attached hereto as **Exhibit 2**.

32. Plaintiff has not given Defendants any permission or approval to act for or on its behalf or to open or operate Defendants' Store or any other store using the Infringing Mark.

33. Despite Plaintiff's demands, Defendants have continued to use the Infringing Mark.

34. Defendants' use of the Infringing Mark to establish, advertise and promote Defendants' Store impairs Plaintiff's ability to operate its convenience store services in Illinois, because doing so would place competing convenience stores in the same state that are marketed and promoted under confusingly similar – if not identical – marks.

35. Plaintiff's federally registered rights in Roll N Up® Mark are senior to any common law rights Defendants may assert in the Infringing Mark.

36. Defendants knew of Plaintiff when they adopted the Infringing Mark and adopted the Infringing Mark with the willful intent to create a likelihood of confusion with the Roll N Up® Mark, deceive the public and trade off of Plaintiff's goodwill.

37. Defendants have continued to use the Infringing Mark with knowledge of Plaintiff's rights and with the willful intent to create a likelihood of confusion with the Common Law Marks and the Roll N Up® Mark, deceive the public and trade off of Plaintiff's goodwill.

**COUNT I – FEDERAL SERVICE MARK INFRINGEMENT**

38. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Roll N Up® Registration is valid, subsisting, in full force and effect and has never been abandoned.

40. Roll N Up® Mark is arbitrary, inherently distinctive and entitled to broad protection.

41. Roll N Up® Mark is owned, controlled and being used in commerce by Plaintiff.

42. By virtue of the goodwill and reputation for quality associated with the Roll N Up® Mark and the extensive convenience store sales and marketing under the Roll N Up® Mark, the Roll N Up® Mark has developed a secondary meaning and significance in the minds of the purchasing public and serves as an identifier showing that such quality goods and services emanate from a single source.

43. Without Plaintiff's consent, Defendants have used and are using in commerce a reproduction, counterfeit, copy or colorable imitation of the Roll N Up® Mark in connection with the sale, offering for sale, distribution or advertising of goods or services, which is likely to cause confusion, to cause mistake or to deceive in violation of 15 U.S.C. § 1114(1)(a).

44. Specifically, Plaintiff and Defendants both offer similar convenience store services and related goods.

45. Also, Plaintiff and Defendants both operate convenience stores under confusingly similar marks. The Infringing Mark appropriates the Roll N Up® Mark and the Common Law Marks in their entirety, with the only addition being a a slight change in font and a rotation of the circle in the Roll N Up® Mark. There is no textual variance between the Roll N Up® Mark and the Infringing Mark.

46. Therefore, when separately encountered by consumers in the marketplace in their various forms, the Roll N Up® Mark and the Infringing Mark create a confusingly similar commercial impression.

47. Moreover, Defendants have adopted the Roll N Up® Mark in its entirety and have used and continue to use it on Google.com, which is accessible worldwide via the internet. Defendants' wholesale copy of the Roll N Up® Mark on the internet creates confusion among consumers.

48. Without Plaintiff's consent, Defendants have reproduced, counterfeited, copied or colorably imitated the Roll N Up® Mark and are continuing to reproduce, counterfeit, copy or colorably imitate the Roll N Up® Mark, and have applied and are continuing to apply such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints and other promotional and marketing material intended to be used in commerce upon or in connection with the sale, offering for sale, distribution or advertising of goods or services, which is likely to cause confusion, to cause mistake or to deceive in violation of 15 U.S.C. § 1114(1)(b).

49. Defendants' unauthorized use of the Roll N Up® Mark, the Common Law Marks and the Infringing Mark is greatly and irreparably damaging to Plaintiff in the form of: (i) loss of income; (ii) interference with Plaintiff's ability to exploit its rights; (iii) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the Roll N Up® Mark; and (iv) impairment of the goodwill Plaintiff has in its Roll N Up® Mark, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the Roll N Up® Mark and to the respective business, reputation and goodwill of Plaintiff.

50. Upon information and belief, Defendants' acts of service mark infringement are knowing, intentional and willful.

51. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of service mark infringement and will continue to confuse the public and cause irreparable harm to Plaintiff.

52. Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116.

54. Plaintiff is also entitled to recover from Defendants their profits, all damages that Plaintiff has sustained from Defendants' infringement, prejudgment interest and the costs associated with this action pursuant to 15 U.S.C. § 1117.

55. Because Defendants' conduct is willful, Plaintiff is also entitled to recover from Defendants treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

56. The full extent and exact amount of damages are not yet determined.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary and permanent injunction enjoining Defendants from continuing to use Plaintiff's service mark (or any derivation or colorable imitation thereof) in conjunction with convenience store and related services. Plaintiff also requests that the Court award it damages associated with Defendants' past use of the Roll N Up® Mark, including but not limited to three times Defendants' profits, three times the damages sustained by Plaintiff as the result of Defendants' conduct, costs, prejudgment interest, attorneys' fees and such further and/or alternative relief this Court deems proper.

**COUNT II – FALSE DESIGNATION OF ORIGIN**

57. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. Defendants, at and in connection with Defendants' Store, have used in commerce, and continue to use in commerce, words, terms, names, marks, symbols, devices and combinations thereof and/or false designations of origin, which are likely to cause confusion, to

cause mistake and to deceive as to the affiliation, connection or association of itself with another person, as to the origin, sponsorship and approval of their goods and commercial activities by another person in violation of 15 U.S.C. § 1125(a)(1)(A).

59. By marketing Defendants' Store under the Infringing Mark, which is materially identical to the Roll N Up® Mark and the Common Law Marks, Defendants' conduct constitutes false designation of origin and tends to represent falsely that Defendants' products and/or services originate from Plaintiff or that Defendants' Store has been sponsored, approved or licensed by Plaintiff or is in some way affiliated with or connected to Plaintiff, in violation of 15 U.S.C. § 1125.

60. The activities of Defendants complained of herein constitute willful and intentional infringement in total disregard of Plaintiff's proprietary rights, and have continued in spite of Defendants' knowledge that the use of the Infringing Marks, or any mark or trade name that is confusingly similar to the Roll N Up® Mark and the Common Law Marks was and is in direct contravention of Plaintiff's rights.

61. Defendants' unauthorized use of the Roll N Up® Mark, the Common Law Marks and the Infringing Marks is greatly and irreparably damaging to Plaintiff in the form of: (i) loss of income; (ii) interference with Plaintiff's ability to exploit its rights; (iii) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the Roll N Up® Mark and the Common Law Marks; and (iv) impairment of the goodwill Plaintiff has in its Roll N Up® Mark and the Common Law Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the Roll N Up® Mark and the Common Law Marks and to the respective businesses, reputations and goodwill of Plaintiff and its approved affiliates.

62. Upon information and belief, Defendants' actions are knowing, intentional and willful.

63. As a result of Defendants' actions, Plaintiff is suffering irreparable harm.

64. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of false designation of origin and will continue to confuse the public and cause irreparable harm to Plaintiff.

65. Plaintiff has no adequate remedy at law.

66. Plaintiff is entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116.

67. Plaintiff is entitled to recover from Defendants their profits, all damages that Plaintiff has sustained from Defendants' infringement, prejudgment interest and the costs associated with this action pursuant to 15 U.S.C. § 1117.

68. Because Defendants' conduct is willful, Plaintiff is also entitled to recover from Defendants treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

69. The full extent and exact amount of damages are not yet determined.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary and permanent injunction enjoining Defendants from continuing to use the Roll N Up® Mark, the Common Law Marks (or any derivation or colorable imitation thereof) and/or the Roll N Up® Trade Name in conjunction with convenience store and related services. Plaintiff also requests that the Court award it damages associated with Defendants' past use of the Roll N Up® Mark and the Common Law Marks, including but not limited to three times Defendants' profits, three times the damages sustained by Plaintiff as the result of Defendants' conduct, costs, prejudgment interest, attorneys' fees and such further and/or alternative relief this Court deems proper.

**COUNT III – COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION**

70. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71. Defendants' use of the Infringing Mark is likely to cause consumer confusion as to whether Defendants' Store is associated with, affiliated or sponsored by Plaintiff, and infringes on Plaintiff's service mark rights.

72. Upon information and belief, Defendants' actions are knowing, intentional and willful.

73. As a result of Defendants' acts of service mark infringement and unfair competition under Illinois law, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

74. Unless and until Defendants are enjoined by this Court, they will continue to commit acts of service mark infringement and unfair competition and will continue to confuse the public and cause irreparable harm to Plaintiff.

75. Plaintiff is entitled to recover from Defendants their profits and any damages that Plaintiff has sustained from Defendants' infringement and unfair competition.

76. Upon information and belief, Defendants' misconduct is outrageous and done with malice, an evil motive and/or with reckless indifference towards the rights of others, and so Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary and permanent injunction enjoining Defendants from continuing to use the Roll N Up® Mark and the Common Law Marks (or any derivation or colorable imitation thereof) in conjunction with convenience store and related services. Plaintiff also requests that the Court award it damages

associated with Defendants' past use of the Roll N Up® Mark and the Common Law Marks, including but not limited to Defendants' profits, damages sustained by Plaintiff as the result of Defendants' conduct, punitive damages and such further and/or alternative relief this Court deems proper.

**COUNT IV –TRADE NAME INFRINGEMENT (FEDERAL LAW)**

77. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78. Defendants, at and in connection with Defendants' Store, have used in commerce, and continue to use in commerce, words, terms, names, symbols, devices and combinations thereof and/or false designations of origin, which are likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of itself with another person, as to the origin, sponsorship, and approval of its services and commercial activities by another person in violation of 15 U.S.C. § 1125(a)(1)(A).

79. By operating Defendants' Store under the trade name Roll N Up Smoke & Liquor, which is identical to Plaintiff's trade name, Defendants' conduct constitutes false designation of origin and tends to represent falsely that Defendants' restaurants originates from Plaintiff or that Defendants' Store has been sponsored, approved or licensed by Plaintiff or are in some way affiliated with or connected to Plaintiff in violation of 15 U.S.C. § 1125.

80. Upon information and belief, Defendants' actions are knowing, intentional and willful.

81. As a result of Defendants' actions, Plaintiff is suffering irreparable harm.

82. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of false designation of origin and will continue to confuse the public and cause irreparable harm to Plaintiff.

83. Plaintiff has no adequate remedy at law.

84. Plaintiff is entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116.

85. Plaintiff is entitled to recover from Defendants their profits, all damages that Plaintiff has sustained from Defendants' infringement, prejudgment interest and the costs associated with this action pursuant to 15 U.S.C. § 1117.

86. Because Defendants' conduct is willful, Plaintiff is also entitled to recover from Defendants treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

87. The full extent and exact amount of damages are not yet determined.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary and permanent injunction enjoining Defendants from continuing to use the Roll N Up® trade name (or any derivation or colorable imitation thereof) in conjunction with convenience store and related services. Plaintiff also requests that the Court award it damages associated with Defendants' past use of Plaintiff's trade name, including but not limited to three times Defendants' profits, three times the damages sustained by Plaintiff as the result of Defendants' conduct, costs, prejudgment interest, attorneys' fees and such further and/or alternative relief this Court deems proper.

**COUNT V –COMMON LAW TRADE NAME INFRINGEMENT**

88. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 87 of this Complaint as though fully set forth herein.

89. Without Plaintiff's consent, Defendants adopted the trade name Roll N Up Smoke & Liquor to identify its business, which is likely to cause consumer confusion, to cause mistake, or to deceive in violation of Illinois common law.

90. Upon information and belief, Defendants' acts of trade name infringement are knowing, intentional and willful.

91. As a result of Defendants' acts of trade name infringement, Plaintiff is suffering irreparable harm.

92. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of trade name infringement and will continue to confuse the public and cause irreparable harm to Plaintiff.

93. Plaintiff has no adequate remedy at law.

94. Plaintiff is entitled to injunctive relief against Defendants.

95. Plaintiff is also entitled to recover from Defendants their profits, all damages that Plaintiff has sustained from Defendants' infringement, prejudgment interest and the costs associated with this action.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary and permanent injunction enjoining Defendants from continuing to use the Roll N Up® trade name (or any derivation or colorable imitation thereof) in conjunction with convenience store and related services. Plaintiff also requests that the Court award it damages associated with Defendants' past use of Plaintiff's trade name, including but not limited to Defendants' profits, the damages sustained by Plaintiff as the result of Defendants' conduct, costs, prejudgment interest, attorneys' fees and such further and/or alternative relief this Court deems proper.

**COUNT VI – CYBERPIRACY IN VIOLATION OF THE FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

96. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 95 of this Complaint as though fully set forth herein.

97. Defendants registered the Infringing Domain Name, which is confusingly similar to the Roll N Up® Mark, with the bad faith intent to profit from the confusing similarity with the Roll N Up® Mark and the Roll N Up® Website.

98. Defendants registered the Infringing Domain Name with knowledge of Plaintiff's established trademark rights in the Roll N Up® Mark, the Common Law Marks, the Roll N Up® Trade Name and the Roll N Up® Website and with the knowledge that the Infringing Domain Name is identical and confusingly similar to the Roll N Up® Mark and the Roll N Up® Website.

99. Defendants use the Infringing Domain Name with the bad faith intent to redirect Internet traffic away from Plaintiff and to their own website and to deceive consumers that Plaintiff is affiliated with, authorizes, or sponsors Defendants and Defendants' Store.

100. Defendants have registered the Infringing Domain Name with a bad faith intent to profit therefrom.

101. The acts of Defendants complained of herein constitute a violation of the Federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

102. Defendants' use of the Infringing Domain Name is causing substantial injury to Plaintiff goodwill in and to its Roll N Up® Mark.

103. As a result of Defendants' registration and use of the Infringing Domain Name, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

104. Unless Defendants are enjoined by this Court, it will continue to commit acts of cyberpiracy, and it will continue to confuse the public and cause irreparable harm to Plaintiff.

105. Plaintiff is entitled to recover from Defendants their profits and any damages that Plaintiff has sustained from Defendants' cyberpiracy.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary and permanent injunction enjoining Defendants from continuing to use the Infringing Domain Name, or any derivation or colorable imitation thereof, and to transfer the ownership and registration of the Infringing Domain Name to Plaintiff or, in the alternative, for cancellation of the Infringing Domain Name pursuant to 15 U.S.C. § 1125(d)(1)(C). Plaintiff also requests that the Court award it damages associated with Defendants' registration and use of the Infringing Domain Name, including but not limited to Defendants' profits, damages sustained by Plaintiff as the result of Defendants' conduct or, in the alternative, statutory damages in an amount up to the sum of $100,000 for the Infringing Domain Name pursuant to 15 U.S.C. § 1117(a) and (b) and such further and/or alternative relief this Court deems proper.

Respectfully submitted,

LATHROP & GAGE LLP

*/s/ Michael A. Clithero*

Michael A. Clithero
Lauren M. Wacker
7701 Forsyth Blvd., 5th Floor
Clayton, MO 63105
Telephone – (314) 613-2800
Telecopier – (314) 613-2801
mclithero@lathropgage.com
lwacker@lathropgage.com

Attorneys for Plaintiff